UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                        Case No: 8:07-Cr-246-T-27EAJ

WILLIAM R. FARMER
_____/

### ORDER

**BEFORE THE COURT** is correspondence from Defendant Farmer (Dkt. 74), which is construed as a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act. No response is necessary. The construed motion is **DENIED**.

Farmer pleaded guilty to one count of possession of ammunition by a felon. He was sentenced to 87 months imprisonment, followed by three years of supervised release. (Dkt. 23). In June 2019, his supervised release was revoked, and he was sentenced to 90 days imprisonment, followed by 33 months supervised release. (Dkt. 41). In July 2020, his supervised release was revoked, and he was sentenced to 12 months imprisonment. (Dkt. 70). He now moves for a sentence reduction due to COVID-19. (Dkt. 74). Specifically, he asserts that he is at "high risk to catch COVID-19 which becomes life threatening to people my age, especially someone with pre-existing health problems such as myself." (Id. at 1). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Farmer does not assert or provide documentation reflecting that he has exhausted all available administrative remedies in the Bureau of Prisons, and the exhaustion requirement cannot be waived. *See, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL

1

2512883, at *4 (M.D. Fla. May 15, 2020). Even if he did exhaust his administrative remedies, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the circumstances offered by Farmer fall within these circumstances. Although he contends that he has underlying health conditions, he does not provide documentation to explain what those conditions are. Nor does he provide documentation reflecting that his medical conditions substantially diminish his ability to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

In sum, because Farmer has not exhausted the administrative remedies available to him, this Court is without authority to consider the merits of his release request. Moreover, his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 24th day of August, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:     Counsel of Record